IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY T. DARDEN,<br><br>    Petitioner,<br><br>vs.<br><br>D. K. SISTO, et al,<br><br>    Respondents. | No. C 07-0211 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate incarcerated at the California Medical Facility in Vacaville, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is completely unintelligible and does not assert a basis for either jurisdiction in this venue or a legitimate habeas corpus claim. Therefore, Plaintiff's petition is DISMISSED.

**DISCUSSION**

A.   <u>Standard of Review</u>

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986). Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently

frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

B.  Petitioner's Claims

In this case, Petitioner's allegations appear to allege some type of "involuntary bankruptcy" and are completely incomprehensible and possibly delusional. The petition fails to set forth any comprehensible allegations from which the Court can discern a legitimate legal basis for a habeas corpus petition. For example, in the section of the form petition that asks Petitioner to include grounds for relief, Petitioner has listed as Claim One:

> Petitioner having multi-Petitions for Redress of Grievance issued to agents of the STATE OF CALIFORNIA, exhaust State remedies, and STATE AGENTS dishonors, defaults, and Failure to deny Averments, does admit by Tacit Procuration and Stare Decisis of distinction of Stramineus Homo DEBTOR and the flesh and blood Secured Party.

Similarly, Claim Two states that "[s]tate Agents has claim[ed] Petitioner/Secured Party exemptions into a secret budget by placing an TIN and NAME on an account in deflicit [sic] using Petitioner for "Sureties" via Bid, Prison and Penal Bonds;. . .."

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). Because the Court is unable to ascertain a cognizable federal claim from Plaintiff's incomprehensible complaint, it is dismissed as frivolous.

**CONCLUSION**

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: January 31, 2007

JEFFREY S. WHITE
United States District Judge

2